STATE OF WEST VIRGINIA

**FILED**

COUNTY OF MONONGALIA, TO-WIT:

OCT **2** 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

    I, Donna Hidock, Clerk of the Circuit Court of Monongalia County, State aforesaid, hereby certify that the foregoing are copies of the original papers filed and a complete record of the proceedings had in the within action

**JUSTICE CARVER**

1:23CV61

**vs.**

**Civil Action No. 23-C-188**

**FRANKLIN JAMES GIBSON, and
AUSTIN POWDER COMPANY**

lately pending in said Circuit Court.

    Given under my hand and the seal of said Circuit Court on this 27th Day of September, 2023.

Donna Hidock, Circuit Clerk of
Monongalia County, WV

CASE#: **23-C-188**    Sub Code:

JUDGE:  CINDY S. SCOTT

Date Opened: 07/13/2023
Date Printed: 09/27/2023

vs

Plaintiff:  **JUSTICE CARVER**

Defendant:  **AUSTIN POWDER COMPANY**

Pro Attorney:

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|-----------|----------|--------|-----------|---------|
| 1 | 07/12/2023 | Complaint Filed | | .00 | .00 | .00 |
| 2 | 07/13/2023 | Process Issued CERT MAIL | | .00 | .00 | .00 |
| 3 | 07/19/2023 | Cert mail card signed by ? | | .00 | .00 | .00 |
| 4 | 08/11/2023 | Notice of Filing of Notice of Removal | | .00 | .00 | .00 |
| 5 | 08/11/2023 | REMOVED TO FEDERAL COURT | | .00 | .00 | .00 |
| 6 | 09/26/2023 | CM to Def (Gibson) Returned Not Deliverable / Unable to Forward | | .00 | .00 | .00 |
| | | | **Totals** | **.00** | **.00** | **.00** |

A TRUE COPY
ATTEST _____ CLERK
MONONGALIA COUNTY CIRCUIT COURT

Case 1:23-cv-00061-TSK    Document 13    Filed 10/02/23    Page 3 of 33    PageID #: 68

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

### In the Circuit Court of Monongalia County, West Virginia

I. CASE STYLE:

JUSTICE CARVER

Plaintiff

vs.

CIVIL ACTION NO:

JUDGE 23-C-188
Scott

|  | Days to Answer | Type of Service |
|---|---|---|
| AUSTIN POWDER COMPANY<br>c/o CT Corporation System<br>5098 Washington Street W, Suite 407<br>Charleston, WV 25313 | 20 | Certified Mail, Return Receipt Requested,<br>Restricted Delivery Through the Clerk's<br>Office |
| FRANKLIN JAMES GIBSON<br>317 Witter Drive<br>Chillicothe, OH 45601 | 20 | Certified Mail, Return Receipt Requested,<br>Restricted Delivery Through the Clerk's<br>Office |

Defendants.

Original and 4 copies of **Complaint** furnished herewith.

**FILED**

JUL 1 2 2023

DONNA HIDOCK, CLERK

| PLAINTIFF: JUSTICE CARVER<br>DEFENDANT: AUSTIN POWDER COMPANY, et al. | CASE NUMBER: |
|---|---|

II.    TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☒ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

III.    JURY DEMAND:  ☒  Yes  ☐  No

IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?
☐ YES ☒ NO
IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: _____

Attorney Name:    Carl A. Frankovitch, Esq. (#12150)    Representing: **Plaintiff**
Firm:    Frankovitch, Anetakis, Simon, Decapio & Pearl, LLP
Address:    337 Penco Rd., Weirton, WV 26062
Telephone:    304-723-4400

Dated:  7/12/23                    _____
                                         Signature

## IN THE CIRCUIT COURT OF MONONGALIA, WEST VIRGINIA

**JUSTICE CARVER,**

             **Plaintiff,**

**vs.**

**FRANKLIN JAMES GIBSON and
AUSTIN POWDER COMPANY,**

             **Defendants.**

CIVIL ACTION NO. 23-C-188

JUDGE: _____

## COMPLAINT

NOW COMES the Plaintiff, Justice Carver, by and through the undersigned counsel, and for their Complaint against the Defendants, Franklin James Gibson and Austin Powder Company, states and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Justice Carver, is an adult individual who resides in Morgantown, Monongalia County, West Virginia.

2.      Upon information and belief, at all times relevant herein, Defendant Franklin James Gibson ("Defendant Gibson"), was a citizen and resident of Chillicothe, Ross County, Ohio.

3.      Upon information and belief, Defendant, Austin Powder Company ("Defendant Austin"), is an Ohio corporation with its principal place of business in Cleveland, Cuyahoga County, Ohio, and licensed to conduct business in the State of West Virginia.

4.      Upon information and belief, at all times relevant herein, Defendant Austin was authorized to transport cargo within the United States by the U.S. Department of Transportation ("USDOT") including in the State of West Virginia, and held US DOT Number: 103999.

**F I L E D**

'JUL 1 2 2023

DONNA HIDOCK, CLERK

5.    At all times relevant to this action, Defendant Gibson was operating a tractor-trailer owned, leased, and/or maintained by Defendant Austin.

6.    Defendant Austin conducts business in, derives revenue from, and makes use of roads in Monongalia County, West Virginia.

7.    The acts complained of herein, and the damages incurred as a result, occurred on or about July 15, 2021, in Monongalia County, West Virginia.

## GENERAL ALLEGATIONS

8.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

9.    On or about July 15, 2021, Plaintiff, Justice Carver, was an off-duty Westover Police Officer, who stopped along Interstate 68 ("I-68") near milepost 3.5 in Monongalia County, West Virginia, to render aid to a motorist who had been involved in automobile accident.

10.    At the aforesaid time and place, Melody Cavicchi, who was the operator of a 2020 Acura MDX and travelling eastbound on I-68, brought her vehicle to a stop in the right lane due to the aforementioned accident.

11.    At the aforesaid time and place, Robert Loutsion, who was the operator of a 2021 BMW SW and travelling eastbound on I-68, brought his vehicle to a stop in the left lane due to the aforementioned accident.

12.    At the aforesaid time and place, Defendant Gibson was the operator of a 2018 FRHT Truck Tractor owned by Defendant Gibson and traveling eastbound on I-68 in Monongalia County, West Virginia.

13.    At the aforesaid time and place, Defendant Gibson was operating his vehicle in a careless, reckless, and/or negligent manner by being distracted in his operations, failing to keep in

2

his proper lane, following too closely, traveling at a speed greater than what is reasonable and prudent, and by failing to maintain control of his vehicle.

14.    At the aforesaid time and place, Defendant Gibson failed to stop his vehicle and violently struck the aforementioned vehicles being operated by Melody Cavicchi and Robert Loutsion, causing Melody Cavicchi's vehicle to strike the Plaintiff with great force while he was rendering aid to the motorist in the first accident.

15.    At the aforesaid time and place, Defendant Gibson owed Plaintiff a legal duty to act with ordinary care and as a reasonably prudent operator of a motor vehicle would act under the same or similar circumstances.

16.    The aforesaid motor vehicle accident was caused by the negligence and/or carelessness and/or recklessness of Defendants and was in no manner or form due to any act or failure to act on the part of Plaintiff.

## COUNT I

17.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

18.    The aforesaid motor vehicle accident resulted from the negligence and/or carelessness and/or recklessness of Defendant Gibson as set forth herein above, and in any and/or all of the following particulars:

   a.  operating the tractor-trailer without due regard to the rights, safety, well-being and position of Plaintiff and others under the then existing circumstances;

   b.  failing to use ordinary care in operating his vehicle;

   c.  traveling at a speed greater than what is reasonable and prudent;

d.  failing to maintain proper and adequate control over his motor vehicle at the time of the accident;

e.  failing to keep in his vehicle in its proper lane;

f.  failing to bring his motor vehicle to a stop;

g.  following the vehicles ahead of him on I-68 closely;

h.  failing to safely and properly operate and maneuver his motor vehicle along I-68;

i.  operating his motor vehicle in a distracted, confused and/or inattentive state and manner;

j.  failing to exercise due regard to traffic conditions at the time and place of the motor vehicle accident;

k.  unreasonably striking and/or otherwise colliding with the motor vehicle being operated by Melody Cavicchi causing said vehicle to strike Plaintiff; and

a.  violating the traffic and safety laws of the State of West Virginia and the United States of America.

19.  As a direct and proximate result of the negligent, careless, improper, and/or reckless conduct of Defendant Gibson, Plaintiff suffered property damage and personal injuries, which required Plaintiff to expend sums of money, and which may require further expenditures, to ameliorate.

20.  As a direct and proximate result of the collision, damages, and injuries, Plaintiff has endured and will continue to endure pain and suffering, mental anguish and distress, and has been annoyed, aggravated, and inconvenienced, as well as suffered lost wages and a diminution in their ability to enjoy life.

4

21.     By operating the tractor-trailer in the manner described above the damages and injuries caused were foreseeable by Defendant Gibson.

## COUNT II

22.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

23.     Defendant Gibson is negligent *per se* for violating the traffic and safety laws of the State of West Virginia and the United States of America and causing the accident and Plaintiff's injuries and damages described herein.

24.     As a direct and proximate result of the aforesaid motor vehicle accident and the conduct of Defendant Gibson, Plaintiff has suffered – and will continue to permanently suffer – some or all of injuries and damages set forth herein.

## COUNT III

25.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

26.     Upon information and belief, at all times herein relevant, Defendant Austin was the owner of the FRHT Truck Tractor that was being operated by Defendant Gibson at the time of the subject accident.

27.     Upon information and belief, at all times herein relevant, Defendant Austin employed Defendant Gibson as the driver of said tractor-trailer.

28.     Upon information and belief, at all times relevant herein, the Defendant Gibson was a principal, agent, servant, and/or employee of Defendant Austin, and was acting within the scope of his agency and/or employment relationship for the benefit of Defendant Austin.

5

29.    Upon information and belief, at all times relevant herein, the Defendant Austin selected and engaged Defendant Gibson's services, paid compensation, had the power to dismiss, and had the power to control the Defendant Gibson.

30.    Defendant Austin is liable for the acts of its employee/agent, Defendant Gibson under the doctrines of agency, vicarious liability, and *respondeat superior.*

31.    As a direct and proximate result of the negligent, careless, improper, and/or reckless conduct of Defendant Austin's employee/agent, Defendant Gibson, Plaintiff has suffered damages and injuries, previously described.

**COUNT IV**

32.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

33.    Defendants Austin negligently, carelessly, improperly, and/or recklessly entrusted the vehicle to Defendant Gibson, and/or otherwise failed to train, qualify and/or supervise Defendant Gibson in the proper operation of the vehicle.

34.    As a direct and proximate result of Defendant Austin's negligent, careless, and/or reckless entrustment of the vehicle to and failing to train, qualify and/or supervise Defendant Gibson, Plaintiff suffered damages and injuries, previously described.

35.    By improperly trusting and/or failing to properly train, qualify, and/or supervise Defendant Gibson, in the manner described above, the damages and injuries incurred by Plaintiff were foreseeable by Defendant Austin.

WHEREFORE, Plaintiff Justice Carver, prays for judgment against the Defendants, Franklin James Gibson and Austin Powder Company, jointly and severally, for all damages allowed under applicable law in an amount in excess of the jurisdictional amount of this Court, together with pre-judgment and post-judgment interests and costs and for such other relief, both general and special, as to the nature of the matter the Court deems meet and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests that this matter be tried before a jury.

**JUSTICE CARVER,**
Plaintiff

By _____
                    Counsel

Carl A. Frankovitch, Esq. (WV Bar ID #12150)
FRANKOVITCH, ANETAKIS,
SIMON, DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
(304) 723-4400

7



# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**JUSTICE CARVER,**

**VS**

**FRANKLIN JAMES GIBSON**
**317 Witter Dr.**
**Chillicothe, OH 45601,**

**Plaintiff(s),**

**Defendant(s),**

### U.S. Postal Service®
### CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

USPS® ARTICLE NUMBER
9414 7266 9904 2218 3852 88

| | |
|---|---|
| Certified Mail Fee | $ 3.50 |
| Return Receipt (Hardcopy) | $ 2.80 |
| Return Receipt (Electronic) | $ 0.00 |
| Certified Mail Restricted Delivery | $ 0.00 |
| Postage | $ 0.50 |
| Total Postage and Fees | $ 6.80 |

Postmark
Here

Sent to: FRANKLIN JAMES GIBSON
317 WITTER DR.
CHILLICOTHE, OH 45601

**Reference Information**

23-C-188    Certified Article Number
9414 7266 9904 2218 3852 88

**SENDER'S RECORD**

PS Form 3800, Facsimile, July 2015

**TO THE ABOVE-NAMED DEFENDANT(S):**

IN THE NAME OF THE STATE OF WEST VIRGI[NIA]
required to serve upon **Carl A. Frankovitch, Esq.,** Plai[ntiff]
**Penco Rd., Weirton, WV 26062,** an answer, includin[g]
have to the Complaint filed against you in the above style[d]
herewith delivered to you. You are required to serve you[r]
of this summons upon you, exclusive of the date of service[.]

If you fail to do so, judgment by default will [be]
demanded in the amended complaint and you will be [barred from]
another action any claim you may have.

Date: 7/12/23

*Donna Hidock*  /NB

**Donna Hidock, Clerk of the Circuit Court**

# FOR RETURN



# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**JUSTICE CARVER,**

**Plaintiff(s),**

**VS**

~~**AUSTIN POWDER COMPANY**~~
~~*c/o* CT Corporation System~~
~~5098 Washington St. W~~
~~Ste. 407~~
~~Charleston, WV 25313,~~

**Defendant(s).**

| U.S. Postal Service® | | |
|---|---|---|
| **CERTIFIED MAIL® RECEIPT** | | |
| *Domestic Mail Only* | | |
| **USPS® ARTICLE NUMBER** | | |
| 9414 7266 9904 2218 3652 71 | | |
| Certified Mail Fee | $3.50 | |
| Return Receipt (Hardcopy) | $2.80 | |
| Return Receipt (Electronic) | $0.00 | Postmark |
| Certified Mail Restricted Delivery | $0.00 | Here |
| Postage | $0.50 | |
| Total Postage and Fees | $6.80 | |
| Sent to: AUSTIN POWDER COMPANY | | |
| C/O CT CORPORATION SYSTEM | | |
| 5098 WASHINGTON ST. W | | |
| STE. 407 | | |
| CHARLESTON, WV 25313 | | |
| **Reference Information** | | |
| **Certified Article Number** | | |
| 9414 7266 9904 2218 3652 71 | | |
| **SENDER'S RECORD** | | |
| PS Form 3800, Facsimile, July 2015 | | |

**TO THE ABOVE-NAMED DEFENDANT(S):**

    IN THE NAME OF THE STATE OF WEST VIRGINIA
required to serve upon **Carl A. Frankovitch, Esq.,** Plaintiff
**Penco Rd., Weirton, WV 26062**, an answer, including
have to the Complaint filed against you in the above styled
herewith delivered to you. You are required to serve your a
of this summons upon you, exclusive of the date of service.

23-C-188

    If you fail to do so, judgment by default will be
demanded in the amended complaint and you will be th
another action any claim you may have.

**Date:** 7/12/23

Donna Hidock / NJB

**Donna Hidock, Clerk of the Circuit Court**

## FOR RETURN



Return Receipt (Form 3811) Barcode

9590 9266 9904 2218 3852 74

1. Article Addressed to:
AUSTIN POWDER COMPANY
C/O CT CORPORATION SYSTEM
5098 WASHINGTON ST. W
STE. 407
CHARLESTON, WV 25313

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2218 3852 71

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
x                                      ☐ Agent
                                           ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
D. Mushurs

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

RBSTR
RETURN

3. Service Type:
☒ Certified Mail

Reference Information
23-C-188

Domestic Return Receipt

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**JUSTICE CARVER,**

    **Plaintiff,**

**v.**                                                                    **Civil Action No. 23-C-188**
                                                                          **Judge Cindy S. Scott**

**FRANKLIN JAMES GIBSON, and**
**AUSTIN POWDER COMPANY,**

    **Defendants.**

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Please take notice that on August 7, 2023, the Defendants, Franklin James Gibson and

Austin Powder Company, by and through the undersigned counsel, filed their "Notice of Removal"

effecting the removal of this action from the Circuit Court of Monongalia County, West Virginia

to the United States District Court for the Northern District of West Virginia, Clarksburg Division.

A true and accurate copy of the "Notice of Removal" is attached as **Exhibit A**. Pursuant to 28

U.S.C. § 1446(d), this Court may proceed no further with this action unless and until the case is

remanded.

Respectfully submitted this 7th day of August, 2023.

                              *Crystal Bombard-Cutright*
Crystal Bombard-Cutright, Esquire (WV Bar #11631)
R. Mitch Moore, Esquire (WV Bar #13659)
Steptoe & Johnson PLLC
1000 Swiss Pine Way, Suite 200
P.O. Box 1616
Morgantown, WV 26507-1616
Phone: 304-598-8000
*Counsel for Defendants, Franklin James Gibson*
*and Austin Powder Company*

**FILED**

'AUG 1 1 2023

DONNA HIDOCK, CLERK

17221232.1                                                          1

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**JUSTICE CARVER,**

     **Plaintiff,**

**v.**                                  **Civil Action No. 23-C-188**
                                           **Judge Cindy S. Scott**

**FRANKLIN JAMES GIBSON, and**
**AUSTIN POWDER COMPANY,**

     **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I filed an original of the *"**Notice of Filing of Notice**

***of Removal***" with the clerk of the court and served a copy on all counsel of record by first class

mail, postage pre-paid, in an envelope addressed as follows:

Carl A. Frankovitch, Esq.
Frankovitch, Anetakis, Simon,
Decapio & Pearl, LLP
337 Penco Road
Weirton, WV 26062
*Counsel for Plaintiff,*
*Justice Carver*

*Crystal Bomlard-Cutright*
Crystal Bombard-Cutright, Esquire (WV Bar #11631)
R. Mitch Moore, Esquire (WV Bar #13659)
Steptoe & Johnson PLLC
1000 Swiss Pine Way, Suite 200
P.O. Box 1616
Morgantown, WV 26507-1616
Phone: 304-598-8000
*Counsel for Defendants, Franklin James Gibson*
*and Austin Powder Company*

2

17221232.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

| | | |
|---|---|---|
| **JUSTICE CARVER,** | ) | **CASE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FRANKLIN JAMES GIBSON, and** | ) | |
| **AUSTIN POWDER COMPANY,** | ) | |
| | ) | |
| **Defendants.** | | |

**DEFENDANTS FRANKLIN JAMES GIBSON**
**AND AUSTIN POWDER COMPANY'S NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the United States Code, Franklin James Gibson and Austin Powder Company ("Defendants") hereby remove this civil action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia. In support of this *Notice of Removal*, Defendants state that this Court has diversity jurisdiction over this action and plead as follows:

1.     On or about July 12, 2023, Plaintiff commenced this action by filing a Complaint against Defendants in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 23-C-188, a true and correct copy of which is attached as **Exhibit A**. Service was effectuated upon Defendant Austin Powder Company on July 17, 2023, by U.S. Mail to its registered agent to accept service of process. *See* **Exhibit B**, *Service of Process Transmittal Summary*. Defendant Austin Powder Company received a copy of Plaintiff's Complaint on the same day. *Id.* On information and belief, Defendant Franklin James Gibson has not been served a copy of Plaintiff's Complaint as of the date of the filing of this *Notice of Removal*.

FILED

AUG 1 1 2023

DONNA HIDOCK, CLERK

EXHIBIT

17223270.1

2.    Plaintiff Justice Carver alleges that on or about July 15, 2021, he was injured by a chain reaction motor vehicle collision allegedly caused by Defendant Franklin.  (**Ex. A**, at ¶¶ 9-14.)  Plaintiff claims he stopped along Interstate 68, near milepost 3.5 in Monongalia County, West Virginia, to render aid to a motorist who had been involved in an automobile accident and was hit by a car. (*Id.* at ¶ 9).  Plaintiff alleges Defendant Franklin's negligence was the actual and proximate cause of his injuries.  (*Id.* at ¶ 14, 18, 23-24).  Plaintiff alleges he has suffered financial loss including "property damage and personal injuries," lost wages, and other general and special damages, some of which he claims are permanent in nature. (*Id.* at ¶ 19-20, 24).

3.    Plaintiff alleges Defendant Austin Powder Company is liable for Defendant Franklin's alleged negligence under theories of *respondeat superior*, vicarious liability, agency, negligent entrustment, and negligent training and supervision with respect to Defendant Franklin. (*Id.* at ¶¶ 25-35).

4.    The named defendants are Franklin James Gibson and Austin Powder Company. (*See*, **Ex. A**).

## TIMELINESS OF REMOVAL

5.    Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322 (1999). Service on a statutory agent is not service on the defendant that triggers the timeline for filing

17223270.1

notice of removal. *Elliot v. American States Ins. Co.*, 883 F.3d 384 (4th Cir. 2018).

6.      This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant(s) of the Complaint in this action.

**VENUE**

7.      Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Northern District of West Virginia, at Clarksburg, is the United States District Court embracing Monongalia County, West Virginia, where the state court action was pending.

**DIVERSITY OF CITIZENSHIP**

8.      This is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendants.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1441 because it could have been filed in this Court under 28 U.S.C. §1332.

9.      For purposes of diversity actions, an individual's citizenship is determined by the person's domicile. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998).  A person's domicile is the place in which a person is "living . . . with intent to make it a fixed and permanent home." *C.I.R. v. Swent*, 155 F.2d 513, 515 (4th Cir. 1946).

10.      Plaintiff Justice Carver is a citizen of West Virginia. (**Ex. A at ¶ 1**).

11.      At the time of the commencement of this action and at the time of removal, Defendant Franklin James Gibson was a resident and domiciliary of the State of Ohio.  Plaintiff's Complaint further admits that Defendant Gibson is a citizen of the State of Ohio.  (**Ex. A at ¶ 2**). Thus, Defendant Gibson is a citizen of Ohio.

17223270.1

12.     A corporate entity is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13.     Defendant Austin Powder Company is and was an Ohio corporation with its principal place of business in Cleveland, Cuyahoga County, Ohio. (**Ex. A** at ¶ 3). Accordingly, Defendant Austin Powder Company is a citizen of the State of Ohio.

14.     There is complete diversity in this civil action, as required by 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

15.     Plaintiff alleges that because of the incident described in the Complaint, he "suffered property damages and personal injuries, which required Plaintiff to expend sums of money, and which may require further expenditures, to ameliorate." (**Ex. A** at ¶ 19-20). Plaintiff further alleges he "has endured and will endure pain and suffering, mental anguish and distress, and has been annoyed, aggravated, and inconvenienced, as well as suffered lost wages and a diminution in their ability to enjoy life." (*Id.* at ¶ 20). Plaintiff claims "some or all" of his injuries and damages are permanent in nature. (*Id.* at ¶ 24).

16.     The Complaint further alleges that certain of Defendants' actions were "reckless," and he seeks "all damages allowed under applicable law," along with prejudgment and post judgment interest, and his costs of pursuing this action. (*Id.* at *ad damnum* clause following ¶ 35; 18; 31).

17.     The Complaint does not specify the exact amount of damages sought by Plaintiff or the amount in controversy in this case. However, based on Plaintiff's claimed damages, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

4

18.     In the absence of an *ad damnum* clause with an amount over $75,000, removal is proper if the removing party can prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *McCoy v. Erie Ins. Co.*, 147 F.Supp. 2d. 481, 489 (S.D. W. Va. 2001). "The amount in controversy is determined by 'considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal'" *Vogt v. Macys Retail Holdings, Inc.*, No. 3:20-CV-122, 2020 WL 13094072 at * 2 (N.D. W. Va. Dec. 10, 2020) (denying a motion for remand where a plaintiff's Complaint, viewed as a whole, demonstrated plaintiff could recover in excess of the jurisdictional threshold despite a Complaint allegation that Plaintiff was seeking "$74,999.99 or what[ever] a jury awards.") (internal citations omitted).

19.     "[A]bsent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000.00, the Court must independently assess whether the Defendants have proven by a preponderance of the evidence" that the complaint seeks more than $75,000.00. *Virden v. Altria Group, Inc.*, 304 F.Supp.2d 832 (N.D. W. Va. 2004).

20.     When evaluating whether such claims meet the amount in controversy for removal purposes the Court "may look to the entire record" and "make an independent evaluation" to assess whether the action meets the $75,000 requirement. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D. W. Va. 1994).

21.     Looking at the entire record in this matter, Plaintiff's Complaint alleges he is entitled to compensatory damages in an amount sufficient to compensate him for his past and future losses and damages including medical bills and lost wages. (**Ex. A** 19-20; 24).

22.     Accordingly, the preponderance of available evidence indicates that the amount in controversy exceeds $75,000 exclusive of interests and costs, thereby satisfying the amount in

17223270.1

controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

23.     Furthermore, Plaintiff's counsel made a settlement demand in excess of $75,000.00 prior to filing of the Complaint in this action.

## OTHER MATTERS

25.     Consistent with 28 U.S. Code § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibits A** and **B**.  The docket sheet for Civil Action No. 23-C-188 in the Circuit Court of Monongalia County, West Virginia is included in **Exhibit C** attached hereto.

26.     In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Monongalia County, West Virginia.

27.     Defendants are serving Plaintiff, through his counsel, with written notice of the removal of this action.

28.     This case is being removed subject to and without waiver of any challenges that Defendants may have as to any claims or defenses that may be available to them.

WHEREFORE, Franklin James Gibson and Austin Powder Company hereby remove this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.

*/s/ R. Mitch Moore, Esq.*
Crystal Bombard-Cutright, Esquire (WV Bar #11631)
R. Mitch Moore, Esquire (WV Bar #13659)
Steptoe & Johnson PLLC
1000 Swiss Pine Way, Suite 200
P.O. Box 1616
Morgantown, WV 26507-1616
cris.cutright@steptoe-johnson.com
mitch.moore@steptoe-johnson.com
Phone: 304-598-8000

6

17223270.1

Chad Kessinger, Esquire (*Pro Hac Vice* Application Forthcoming)
Barnes Maloney PLLC
401 W. Main Street, Suite 1600
Louisville, KY 40202
ckessinger@sbmkylaw.com
Phone: 502-625-1675

*Counsel for Defendants, Franklin James Gibson
and Austin Powder Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

| | | |
|---|---|---|
| **JUSTICE CARVER,** | ) | **CASE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FRANKLIN JAMES GIBSON, and** | ) | |
| **AUSTIN POWDER COMPANY,** | ) | |
| | ) | |
| **Defendants.** | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2023, I electronically filed the foregoing *"DEFENDANTS FRANKLIN JAMES GIBSON AND AUSTIN POWDER COMPANY'S NOTICE OF REMOVAL"* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, provided they are CM/ECF participants. In addition, I have mailed complete copies of this filing to counsel of record via First Class US Mail:

Carl A. Frankovitch, Esq.
Frankovitch, Anetakis, Simon,
Decapio & Pearl, LLP
337 Penco Road
Weirton, WV 26062
*Counsel for Plaintiff,*
*Justice Carver*

*/s/ R. Mitch Moore, Esq.*
Crystal Bombard-Cutright, Esquire (WV Bar #11631)
R. Mitch Moore, Esquire (WV Bar #13659)
Steptoe & Johnson PLLC
1000 Swiss Pine Way, Suite 200
P.O. Box 1616
Morgantown, WV 26507-1616
Phone: 304-598-8000
*Counsel for Defendants, Franklin James Gibson*
*and Austin Powder Company*

17223270.1



# S U M M O N S
## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**JUSTICE CARVER,**

          **Plaintiff(s),**     **Civil Action: 23-C-188**

**VS**

**AUSTIN POWDER COMPANY**
c/o CT Corporation System
5098 Washington St. W
Ste. 407
Charleston, WV 25313,

          **Defendant(s).**


**TO THE ABOVE-NAMED DEFENDANT(S):**

  IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Carl A. Frankovitch, Esq.**, Plaintiff's attorney, whose address is **337 Penco Rd., Weirton, WV 26062**, an answer, including any related counter-claim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **20 days** after service of this summons upon you, exclusive of the date of service.

  If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint and you will be thereafter barred from asserting in another action any claim you may have.

**Date:** 7/12/23

            _Donna Hidock_

          **Donna Hidock, Clerk of the Circuit Court**

Exhibit A

5.      At all times relevant to this action, Defendant Gibson was operating a tractor-trailer owned, leased, and/or maintained by Defendant Austin.

6.      Defendant Austin conducts business in, derives revenue from, and makes use of roads in Monongalia County, West Virginia.

7.      The acts complained of herein, and the damages incurred as a result, occurred on or about July 15, 2021, in Monongalia County, West Virginia.

## GENERAL ALLEGATIONS

8.      Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

9.      On or about July 15, 2021, Plaintiff, Justice Carver, was an off-duty Westover Police Officer, who stopped along Interstate 68 ("I-68") near milepost 3.5 in Monongalia County, West Virginia, to render aid to a motorist who had been involved in automobile accident.

10.     At the aforesaid time and place, Melody Cavicchi, who was the operator of a 2020 Acura MDX and travelling eastbound on I-68, brought her vehicle to a stop in the right lane due to the aforementioned accident.

11.     At the aforesaid time and place, Robert Loutsion, who was the operator of a 2021 BMW SW and travelling eastbound on I-68, brought his vehicle to a stop in the left lane due to the aforementioned accident.

12.     At the aforesaid time and place, Defendant Gibson was the operator of a 2018 FRHT Truck Tractor owned by Defendant Gibson and traveling eastbound on I-68 in Monongalia County, West Virginia.

13.     At the aforesaid time and place, Defendant Gibson was operating his vehicle in a careless, reckless, and/or negligent manner by being distracted in his operations, failing to keep in

2

his proper lane, following too closely, traveling at a speed greater than what is reasonable and prudent, and by failing to maintain control of his vehicle.

14.    At the aforesaid time and place, Defendant Gibson failed to stop his vehicle and violently struck the aforementioned vehicles being operated by Melody Cavicchi and Robert Loutsion, causing Melody Cavicchi's vehicle to strike the Plaintiff with great force while he was rendering aid to the motorist in the first accident.

15.    At the aforesaid time and place, Defendant Gibson owed Plaintiff a legal duty to act with ordinary care and as a reasonably prudent operator of a motor vehicle would act under the same or similar circumstances.

16.    The aforesaid motor vehicle accident was caused by the negligence and/or carelessness and/or recklessness of Defendants and was in no manner or form due to any act or failure to act on the part of Plaintiff.

COUNT I

17.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

18.    The aforesaid motor vehicle accident resulted from the negligence and/or carelessness and/or recklessness of Defendant Gibson as set forth herein above, and in any and/or all of the following particulars:

    a.    operating the tractor-trailer without due regard to the rights, safety, well-being and position of Plaintiff and others under the then existing circumstances;

    b.    failing to use ordinary care in operating his vehicle;

    c.    traveling at a speed greater than what is reasonable and prudent;

    d.  failing to maintain proper and adequate control over his motor vehicle at the time of the accident;

    e.  failing to keep in his vehicle in its proper lane;

    f.  failing to bring his motor vehicle to a stop;

    g.  following the vehicles ahead of him on I-68 closely;

    h.  failing to safely and properly operate and maneuver his motor vehicle along I-68;

    i.  operating his motor vehicle in a distracted, confused and/or inattentive state and manner;

    j.  failing to exercise due regard to traffic conditions at the time and place of the motor vehicle accident;

    k.  unreasonably striking and/or otherwise colliding with the motor vehicle being operated by Melody Cavicchi causing said vehicle to strike Plaintiff; and

    a.  violating the traffic and safety laws of the State of West Virginia and the United States of America.

19.    As a direct and proximate result of the negligent, careless, improper, and/or reckless conduct of Defendant Gibson, Plaintiff suffered property damage and personal injuries, which required Plaintiff to expend sums of money, and which may require further expenditures, to ameliorate.

20.    As a direct and proximate result of the collision, damages, and injuries, Plaintiff has endured and will continue to endure pain and suffering, mental anguish and distress, and has been annoyed, aggravated, and inconvenienced, as well as suffered lost wages and a diminution in their ability to enjoy life.

21.    By operating the tractor-trailer in the manner described above the damages and injuries caused were foreseeable by Defendant Gibson.

## COUNT II

22.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

23.    Defendant Gibson is negligent *per se* for violating the traffic and safety laws of the State of West Virginia and the United States of America and causing the accident and Plaintiff's injuries and damages described herein.

24.    As a direct and proximate result of the aforesaid motor vehicle accident and the conduct of Defendant Gibson, Plaintiff has suffered – and will continue to permanently suffer – some or all of injuries and damages set forth herein.

## COUNT III

25.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

26.    Upon information and belief, at all times herein relevant, Defendant Austin was the owner of the FRHT Truck Tractor that was being operated by Defendant Gibson at the time of the subject accident.

27.    Upon information and belief, at all times herein relevant, Defendant Austin employed Defendant Gibson as the driver of said tractor-trailer.

28.    Upon information and belief, at all times relevant herein, the Defendant Gibson was a principal, agent, servant, and/or employee of Defendant Austin, and was acting within the scope of his agency and/or employment relationship for the benefit of Defendant Austin.

5

29.    Upon information and belief, at all times relevant herein, the Defendant Austin selected and engaged Defendant Gibson's services, paid compensation, had the power to dismiss, and had the power to control the Defendant Gibson.

30.    Defendant Austin is liable for the acts of its employee/agent, Defendant Gibson under the doctrines of agency, vicarious liability, and *respondeat superior*.

31.    As a direct and proximate result of the negligent, careless, improper, and/or reckless conduct of Defendant Austin's employee/agent, Defendant Gibson, Plaintiff has suffered damages and injuries, previously described.

## COUNT IV

32.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

33.    Defendants Austin negligently, carelessly, improperly, and/or recklessly entrusted the vehicle to Defendant Gibson, and/or otherwise failed to train, qualify and/or supervise Defendant Gibson in the proper operation of the vehicle.

34.    As a direct and proximate result of Defendant Austin's negligent, careless, and/or reckless entrustment of the vehicle to and failing to train, qualify and/or supervise Defendant Gibson, Plaintiff suffered damages and injuries, previously described.

35.    By improperly trusting and/or failing to properly train, qualify, and/or supervise Defendant Gibson, in the manner described above, the damages and injuries incurred by Plaintiff were foreseeable by Defendant Austin.

6

WHEREFORE, Plaintiff Justice Carver, prays for judgment against the Defendants, Franklin James Gibson and Austin Powder Company, jointly and severally, for all damages allowed under applicable law in an amount in excess of the jurisdictional amount of this Court, together with pre-judgment and post-judgment interests and costs and for such other relief, both general and special, as to the nature of the matter the Court deems meet and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests that this matter be tried before a jury.

**JUSTICE CARVER,**
Plaintiff

By_____
                    Counsel

Carl A. Frankovitch, Esq. (WV Bar ID #12150)
FRANKOVITCH, ANETAKIS,
SIMON, DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
(304) 723-4400

7

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/17/2023
CT Log Number 544292044

## Service of Process Transmittal Summary

**TO:**     Rachel Ittel, Risk Management
           AUSTIN POWDER COMPANY
           25800 Science Park Drive
           Cleveland, OH 44122

**RE:**     **Process Served in West Virginia**

**FOR:**    Austin Powder Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JUSTICE CARVER // To: Austin Powder Company |
| **CASE #:** | 23C188 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Charleston, WV |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 07/17/2023 |
| **JURISDICTION SERVED:** | West Virginia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  MARY PENKAVA  mary.penkava@austinpowder.com |
| | Email Notification,  James C Boldt  Jim.Boldt@austinpowder.com |
| | Email Notification,  Rachel Ittel  rachel.ittel@austinpowder.com |
| | Email Notification,  Carol Sedlacko  carol.sedlacko@austinpowder.com |
| | Email Notification,  Tom Cochran  tom.cochranjr@austinpowder.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 5098 Washington St. W. Ste. 407 |
| | Charleston, WV 25313 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit B

CASE#:  **23-C-188**

JUDGE:  CINDY S. SCOTT

Sub Code:

Date Opened: 07/13/2023
Date Printed:  08/02/2023

vs

Plaintiff:  **JUSTICE CARVER**

Defendant:  **AUSTIN POWDER COMPANY**

Pro Attorney:

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 1 | 07/12/2023 | Complaint Filed | | .00 | .00 | .00 |
| 2 | 07/13/2023 | Process Issued CERT MAIL | | .00 | .00 | .00 |
| 3 | 07/19/2023 | Cert mail card signed by ? | | .00 | .00 | .00 |
| | | | **Totals** | **.00** | **.00** | **.00** |

A TRUE COPY ATTEST:

Exhibit C